The judgment is reversed with instructions to enter judgment for defendant.

No: 32,660

ED HUFFMAN, *Appellee*, v. LaRUE C. WILKES, LEON SHANTON, LEE CARSON and FRED GASSER, *Appellants*.

(57 P. 2d 416)

Opinion denying a rehearing and modifying mandate filed May 9, 1936. (For original opinion of reversal see *ante*, p . 458, 55 P. 2d 366.)

*Sullivan Lomax*, of Cherryvale, *John Bertenshaw* and *Kirke C. Veeder*, both of Independence, for the appellants.

*C. E. Pile*, of Parsons and *James A. Brady*, of Cherryvale, for the appellee.

The opinion of the court was delivered by

HARVEY, J.: Appellee filed a motion for rehearing. This has been duly considered and is denied.

Appellants filed a motion to modify the mandate so as to direct judgment for defendants in the trial court instead of directing a new trial. They call our attention to the fact that in the opinion as written we did not give sufficient attention to their demurrer to plaintiff's evidence. They also contend that under the opinion as written, and under the evidence as shown in the abstract, there is nothing left to try. Appellee has answered this motion. The court has considered all the parties have said about it, and has concluded the motion should be sustained. It is not necessary to restate the facts any further than to point out that plaintiff predicated his action on the alleged individual wrongdoing of defendants as distinct from their official misconduct. His evidence as to what took place when he presented his check for payment was set out in full, as abstracted, in the opinion written. A careful review of that discloses that all defendants did in respect to that matter was done in their respective capacities as officers of the bank, and whatever wrong was

done was a corporate wrong as distinct from an individual one. That being the case, it is no kindness to anyone to require a new trial.

It is therefore ordered and adjudged that the mandate be modified so as to direct the trial court to enter judgment for defendants.